## Commonwealth v. Krasner

*Allen E. Ertel,* for Commonwealth.

*Robert E. Levy* and *Frank E. Garrigan,* for defendant.

WOOD, J., August 16, 1973.—Plaintiffs have filed a complaint in equity under section 5903 of the Crimes Code of December 6, 1972, P. L. —, effective June 6, 1973, 18 PS §5903, seeking a preliminary and a permanent injunction against John Krasner, trading as Classic Distributor, commonly known as the Adult Book Store, located in Armstrong Township, Lycoming County.

An ex parte preliminary injunction was granted on August 10, 1973, after we viewed a film and two book-

lets sold on the premises, and heard testimony concerning other merchandise being sold and display of films on the premises. The film and booklets viewed in court were considered to portray sexual conduct in a patently offensive way. Legal arguments bearing upon continuance of the preliminary injunction have been heard on this date.

The United States Supreme Court, in the case of Miller v. California, 93 S. Ct. 2607, 2615 (1973), held that the States can regulate obscenity, but must do so subject to specific safeguards. These safeguards require the State court to determine whether:

"(1) The average person applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest;

"(2) The work depicts or describes, in a patently offensive way, 'sexual conduct specifically defined by the applicable State law'; and

"(3) Whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value."

The burden of proof is upon the State to establish all three elements. The evidence presented, two magazines and a movie, to support the preliminary injunction was patently offensive, and we observed no serious literary, artistic, political or scientific value. However, plaintiffs did not show that the work depicts or describes "sexual conduct specifically defined by the applicable state law."

We doubt that the Commonwealth will be able to present works, publications, etc., at trial which depict "sexual conduct specifically defined by the applicable law" of Pennsylvania, either as written or as authoritatively construed. However, as we stated in open court on this date, we are not now deciding that there is no possible basis for a constitutional application of

the Pennsylvania statute in support of a permanent injunction. We prefer to defer this determination to a time when all pertinent evidence is at hand and when a more comprehensive review of the law can be made. Our determination today is that the Commonwealth has not demonstrated its entitlement to have defendant's place of business closed during the pendency of this proceeding. Accordingly, we make the following

## ORDER

And now, August 16, 1973, the preliminary injunction granted on August 10, 1973, is hereby dissolved. Defendant is required to plead to the complaint within 20 days of the service thereof.